McFAIL v. BARNWELL CO.    NEAL v. SAME.

CHANGE OF VENUE—CIRCUIT JUDGE—AFFIDAVIT—DISCRETION—APPEAL.—Change of venue on account of convenience of witnesses is within the discretion of the Circuit Judge, and motions therefor need not be supported by affidavit; and unless he err in matter of law, no appeal lies from his action.

Before BUCHANAN, J., Barnwell, July, 1898.    Affirmed.

Actions by Wm. L. McFail *v.* Barnwell Co., and John Neal against same, for damages resulting from defective bridge. From order changing venue from Barnwell County to Bamberg County, defendant appeals.

*Messrs. Bellinger, Townsend & O'Bannon,* for appellant, cite: 11 S. C., 34; 20 N. Y., 354; 10 S. C., 469; 1 D. S. E., 937; 17 S. C., 141; 7 How. Pr., 248; 44 N. Y. S., 288; 19 Wend., 10; 6 Cow., 389; 1 How. Pa., 195, 248; 50 N. Y. S., 1004; 75 Va., 178; 21 S. E. R., 632; 29 Hem., 127; Code, 147, sub. 3.

*Mr. John R. Bellinger,* contra (oral argument).

March 11, 1899.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    After due notice, and in open Court, each of the plaintiffs, in the two cases above stated, applied to Judge Buchanan for an order changing the place of trial of each action from Barnwell County to Bamberg County. The motions were based upon the pleadings in each case, and upon affidavits which alleged that all of plaintiff's witnesses, and it was believed all of defendant's witnesses, resided in Bamberg County, at a great distance from Barnwell Court House; and further, that the bridge in question was located in Bamberg County. The names of the witnesses were not given, nor was it stated what facts were proposed to be established by said witnesses. The

defendant made no showing by way of affidavits, but strenuously opposed the change of the place of trial. It should have been stated before, that the two cases, although separate and distinct from each other, were by consent, as far as these motions are concerned, heard together. "At the hearing of the motion, the defendant resisted same, on the ground that the affidavit was not sufficient to authorize the Court to exercise its discretion in granting the motion, in that it did not disclose the names of the witnesses, their residences, nor the facts to which they were expected to testify, nor that the affiant had stated these facts to his counsel, and been advised that the witnesses were material, and that he could not safely go to trial without them; it does neither state the reasons for affiant's belief that the witnesses are important and necessary, nor any facts from which the Court could determine their materiality"—the foregoing is extracted from the "Case." Judge Buchanan granted the order for the change of the place of trial from Barnwell County to Bamberg County in each case. In this order he states it thus: "The defendant objects to the affidavit on which the motion is made, because it does not state the names of the witnesses, or what they are expected to testify, or the residences of the witnesses. The motion is made on account of the convenience of witnesses. The affidavit shows that they all reside outside of this (Barnwell) County, and all, save one, in Bamberg County, where also both plaintiffs reside. Necessarily the witnesses are material; some of them at least, and as they are all very much nearer to Bamberg than to Barnwell, it must necessarily be to their convenience to have the trial at Bamberg * * *." From this order of Judge Buchanan the defendant appeals in each of the actions. The grounds of appeal are two in number, and are as follows: "I. That his Honor, the presiding Judge, erred in holding the affidavit sufficient to authorize him to exercise his discretion in granting a change of venue on account of the convenience of witnesses, in that said affidavit fails to state; (a) The names of witnesses;

24—54

(b) their residences; (c) the facts to which they are expected to testify; (d) that affiant had stated these facts to his counsel, and had been advised that the witnesses were material, and that he could not safely go to trial without them; (e) any reasons for affiant's belief that these witnesses are important and necessary; (f) nor any facts from which the Court could determine their materiality. 2. That his Honor erred in holding that necessarily the witnesses, or some of them at least, were material, in the absence of any facts being stated to show their materiality, and in granting the motion on this ground."

So far as the first ground of appeal is concerned, relating as it does to what the affidavits should contain, we would remark that in *Willoughby* v. *R. R.*, 46 S. C., 319, this Court pointed out the fact that sections 144 to 147, inclusive, of our Code of Procedure fail to set out any requirement of an affidavit as necessary to have the place of trial changed. Section 147 authorizes the Court to act in three instances: "3. When the convenience of witnesses and the ends of justice would be promoted by the change." The Circuit Judge is empowered to make the change—he is to exercise the discretion. It seems that in the absence in the affidavit of the matters set out in the first ground of appeal, his judicial discretion was satisfied. The exercise of discretion is to be by the Circuit Judge. Unless he errs in some matter of law, this Court is powerless to interfere. No error of law is made to appear in either the first or second grounds of appeal. No appeal can be taken from his findings of fact.

It is the judgment of this Court, that the appeal in each case be dismissed, and each action be remanded to the Circuit Court to enforce Judge Buchanan's order.